```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                       AT COLUMBIA

WALTER McKINNEY,              )
                              )
        Plaintiff             )
                              )      No. 1:15-0061
v.                            )      Judge Crenshaw/Brown
                              )      **Jury Demand**
DEBRA JOHNSON, *et al.*,      )
                              )
        Defendants            )
```

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Defendants' motion for summary judgment (Docket Entry 81) be granted for failure to exhaust administrative remedies as to all Defendants, or alternatively, that all claims against Defendants Johnson, Mackin, and Mitchell be dismissed for failure to state a claim under Rule 12(b)(6). The Magistrate Judge further recommends that any appeal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed his complaint in this matter on July 17, 2015 (Docket Entry 1). In his complaint he sued seven Defendants, alleging that while he was an inmate at the Turney Center Industrial Complex (TCIX), on December 23, 2014, he informed Unit Manager Breece, and employees Crysler and Quillen that he felt his life was in danger.

He alleged that the above individuals did nothing to help him and that on December 29, 2014, inmates approached his cell and

that Inmate Means entered his cell with a homemade knife and robbed him of everything he had. In the process of the robbery Means struck him above his right eye with the makeshift knife. He alleged that after the incident occurred he went to the same officials to inform him of the wound and what had taken place. He stated that none of the individuals showed any concern and only gave him a once over without recognizing the wound above his right eye and that they did not immediately send him for medical attention. He stated that he filed a grievance and sent letters to Mitchell, Johnson, and Mackin, which have not been answered.

He alleges he next went to Correctional Officer Wilkins and told him about his life being in danger. He alleges that Wilkins stated that had already had knowledge of an incident, but did not know who the victim of the assault was. He stated that he was placed in protective custody on January 10, 2015, and was seen by a nurse who referred him to a doctor. The doctor, Otis Campbell, shined a light in his eye and referred him to the eye doctor. He alleges that the eye doctor referred him to be seen by an eye specialist and he was transferred to special needs on March 18, 2015, and seen by an eye specialist on March 20, 2015. He states that he was told that the vision in his right eye was not as accurate as the vision in his left eye and he was transferred back to TCIX.

Plaintiff was again seen by special needs on May 1, 2015, and seen by a eye specialist on May 4, 2015, who told him his vision had gotten worse and that he had suffered a traumatic optic neuropathy. He alleges that he had written internal affairs, Macklin, Johnson and Mitchell several letters and requested a incompatibility against the individuals that were involved in the assault. He alleged that he is in the same compound with several of the individuals and this constituted cruel and unusual punishment.

Plaintiff alleges that Mackin and Johnson still have him housed around the dangerous incompatibilities, and he therefore instituted the suit against the seven named Defendants under Section 1983 and the Eighth and Fourteenth Amendments.

In response to Question II(F) about grievances he stated that he filed inmate grievance letters to the Warden, Internal Affairs, and Mitchell and informed Breece, Quillen, and Wilkins about the assault, but he received no response.

On the initial review (Docket Entry 3) the Plaintiff was allowed to proceed *in forma pauperis* and his claim was allowed to proceed against all of the Defendants except Inmate Means, who was dismissed from the lawsuit.

After service of process was completed answers were filed by all Defendants (Docket Entry 59) on November 24, 2015. No scheduling order was entered by Judge Haynes and the matter was

referred to me for case management and a report and recommendation on any dispositive motion on July 12, 2016 (Docket Entry 63).

A scheduling order was entered on July 18, 2016 (Docket Entry 65), which allowed discovery through December 16, 2016, with dispositive motions being due by January 13, 2017. In the scheduling order the Plaintiff was specifically advised that he must respond to any dispositive motion and that failure to respond to the motion and to statements of fact could result in the Court taking the facts alleged in the statement as true and granting the relief requested. He was also told that he could not just rely on his complaint, that he must show there was a material dispute of fact with citation to the record, affidavits or other matter of evidence. He was told that he should read and comply with Federal Rule and Local Rule 56.

The matter is presently set for trial on July 25, 2017, before Chief Judge Crenshaw (Docket Entry 80).

The Defendants filed a motion for summary judgment on March 8,, 2017 (Docket Entry 81) supported by a statement of facts, deposition of the Plaintiff, and an affidavit of the Grievance Chairperson, and a memorandum with the same exhibits (Docket Entries 82 and 83). As of the date of this report and recommendation the Plaintiff filed no response to the motion or to the statement of uncontested facts.

## III. STANDARD OF REVIEW
### A. Exhaustion Under the Prisoner Litigation Reform Act (PLRA")

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Napier v. Laurel Co.*, 636 F.3d 218, 222 (6th Cir. 2011). The mandatory exhaustion requirement is a strict one. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Napier*, 636 F.3d at 226.

To satisfy the exhaustion requirement "prisoners must complete the administrative review process in accordance with the applicable procedural rules" that are defined by the prison grievance process itself. *Jones*, 549 U.S. at 218. This requirement includes any time limitations. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)). There are no futility exceptions or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The failure of a prisoner "to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the Defendants." *Jones*, 549 U.S. at 204.

### B. Motion for Summary Judgment

The court shall grant a motion for summary judgment if "the movant shows there is no genuine issue dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering whether to grant summary judgment the evidence as well as the inferences drawn "must be read in the light most favorable to the party opposing the motion." *Spirit Airlines, Inc. v. Northwest Airlines, Inc.*, 431 F.3d 917, 930 (6th Cir. 2005) (citing *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986)). While allegations may survive a 12(b)(6) motion to dismiss, the non-movant cannot rely solely on their allegations to survive a motion for summary judgment. *Clemmer v. Key Bank N.A.*, 539 F.3d 349, 353 (6th Cir. 2008).

Because Plaintiff failed to respond to the motion for summary judgment, the statement of undisputed facts filed by Defendant are deemed undisputed for purposes of this analysis. Per local rule, "[f]ailure to respond to a moving party's statement of material facts or a non-moving party's statement of additional facts within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." *Local Rules of Court*, LR 56.01(g). However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the

nonexistence of a material factual dispute always rests with the movant." *Kochins*, 799 F.2d at 1134 (citing *Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir.1979)). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond. Fed. R. Civ. P. 56(c). The trial court's duty is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Nolen v. FedEx TechConnect, Inc.*, 971 F. Supp. 2d 694, 713 (W.D. Tenn. 2013) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992)). In addition, "reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party." *Id.*

## LEGAL DISCUSSION

The Defendants have provided an affidavit (Docket Entry 82-2) from the Grievance Chairperson at TCIX that from August 8, 2014, to March 18, 2015, the Plaintiff was housed continuously at TCIX and she has attached a true and exact copy of his TOMIS records, which show that the Plaintiff filed a grievance on September 15, 2014, concerning STP staff performance of nonsecurity staff at TCIX and that his next grievance was not filed until May 4, 2015. Copies of these two grievances are attached to her affidavit.

7

The May 4, 2015, grievance alleges that he could not get adequate treatment for his eye injury. However, this grievance would not have been timely to cover the December 2014 assault and does not address any of the named Defendants in this matter. His record of grievances at TCIX and Northwestern Correctional Center (NWCX) at Docket Entry 82-2, p. ID 371 stated that the Plaintiff filed five grievances while at NWCX, the last of which was January 25, 2007, and that he filed five grievances while at TCIX, none of which would be within the time frame to exhaust administrative remedies for the claims set forth in his complaint.

The Plaintiff has not responded to the statement of uncontested facts (Docket Entry 82), which stated that (1) the Plaintiff could provide no evidence that grievances were filed concerning this matter; (2) that there were no grievances filed between September 15, 2014, and May 4, 2015; or (3) that there were any grievances filed at any point on or about December 29, 2014, related to the alleged defense that occurred between December 23, and December 29, 2014.

The Plaintiff also failed to respond to the statement (4) that the Defendants Macklin, Johnson and Mitchell were in supervisory positions and that the basis for his lawsuit was that they allegedly failed to respond to letters he claimed to have written to them, and that (5) other than an alleged failure to respond to letters he allegedly wrote, the Plaintiff has not

alleged any personal involvement by them in the incidents that occurred on December 23 and 29, 2014.

In support of the statements, the Defendants cite to the Plaintiff's deposition taken on December 16, 2016.[1] He testified at Docket Entry 82-1, p. ID 292-3 that the prison had a grievance box and that he put his grievances directly into that box. He testified that generally when filing a grievance it comes back to you and if they deny it you can appeal it to the next level, and if they deny it again, you can appeal it again, all the way up to the Commissioner. He stated that he did not appeal any of the grievances because he never got anything back. He testified he thought he filed three grievances. He stated that everything he writes he rewrites to have a copy, and he had a copy in his cell (Docket Entry 82-1, p. ID 293). When asked if he had copies of the grievances, he stated that making machine copies was difficult.

Unfortunately, the Plaintiff has not filed even what he contends is the handwritten copy of the documents he stated he had in his cell. They were not provided at his deposition and he has not contended that they have been produced since. (*See* Docket Entry 82-1, p. ID 295-7).

Later in his deposition (Docket Entry 82-1, p. ID 304-7) they again discuss grievances filed before and after the assault

---

[1]In the future, counsel for Defendants should be sure the ECF page number does not overprint the court reporter's page number and should not duplicate exhibits (*see* Docket Entry 82 and 83).

where he stated that he never received any response. He did not testify that he made any follow-up or filed an appeal because of the lack of response, other than to file another grievance, which was again not answered. He was clear that he filed one grievance before the assault and two grievances after the assault (Docket Entry 82-1, p. ID 308), and never received a response to any of the three, and he never filed an appeal because he did not think he could appeal if he did not have a response.

The Plaintiff contended that he used the United States Mail to send letters about compatibility to the Defendants Macklin, Johnson, and Mitchell before the assault (Docket Entry 82-1, p. ID 249-52) and never received any response. He mailed them through the mail system with regular postage on them. When his letters were not answered he filed one grievance before the assault and two grievances after the assault. Unfortunately, he has not produced copies of any of the letters or grievances to opposing counsel or to the Court. The record does not support a finding he exhausted the grievance procedure even if he filed an initial grievance. He does not contend he filed any appeal.

Concerning the actual assault itself, he testified that after he was assaulted, approximately five minutes later Office Quillen came to the door and asked what was going on and stated that he heard someone had just gotten robbed and gotten stuck. He stated that he did not know who had reported that incident, but he

stated that he responded to Quillen's questions by saying, "What are you talking about?" and went on to chow to eat (Docket Entry 82-1, p. ID 262).

Subsequently, in his deposition he testified that when Office Quillen came to his cell to ask if anything had happened, he told him that he had been assaulted by Inmate Means (Docket Entry 82-1, p. ID 268-9). He stated that later the Sargent locked everyone down and inspected all 128 inmates to see if they had any cuts. He said that they did not pay any attention to his eye injury (Docket Entry 82-1, p. ID 271).

The real question is whether considering the Plaintiff's deposition there is sufficient evidence that he filed grievances to allow the case to proceed to trial. Given the fact that the Plaintiff stated he made copies and had them, his failure to produce the copies of either at the deposition or to defense counsel as requested or to submit them in response to the present motion leads the Magistrate Judge to the conclusion that he has not established that he filed grievances. It is certainly clear that even if he did submit them, when he did not receive a response he took no further action to appeal, other than filing two more, which also went unappealed.

Under these circumstances the Magistrate Judge believes that the record sufficiently establishes that the Plaintiff did not file grievances, or if he did, did not follow through on any

11

appeal. Failure to exhaust the grievances is fatal to the case as to all Defendants and justifies dismissal of the complaint with prejudice since it is impossible to file grievances at this point.

**MOTION TO DISMISS AS TO DEFENDANTS**
**JOHNSON, MITCHELL AND MACKLIN**

There is again considerable doubt that the evidence shows the Plaintiff actually mailed letters to these three individuals. However, assuming for the purpose of argument that he did, the Plaintiff did not realistically allege that these individuals would have received the letters sufficiently in advance of the assault on December 29th to have taken any personal action. Plaintiff must show that these officers encouraged or condoned the actions of the other Defendants.

Supervisory liability under Section 1983 cannot attach where the allegations of liability is based on a mere failure to act. The liability must be based upon active unconstitutional behavior and must be based on more than a mere right to control employees and cannot be based upon simple negligence. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Accordingly, even if Plaintiff's contentions that he mailed letters to these individuals sufficiently in advance of December 29th for them to have taken action, his claims would nevertheless fail and the claims against these three Defendants must be dismissed.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the claims against all Defendants be dismissed for failure to exhaust administrative remedies and in the event the recommendation is not accepted concerning administrative remedies that the case be dismissed with prejudice against the Defendants Johnson, Macklin, and Mitchell, because the Plaintiff has not sufficiently alleged supervisory responsibility against these three supervisors. I further recommend that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of May, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge